UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED A. WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ASTRUE,<br><br>　　　　Defendant. | Case No.  15-cv-00993-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 13, 18 |

Pending before the Court are the parties' cross-motions for summary judgment.  Dkt. Nos. 13, 18.  For the reasons stated below, the Court GRANTS Defendant Commissioner of Social Security Administration's ("SSA") motion and DENIES Plaintiff Fred Whitaker's motion.

## I.    BACKGROUND

On July 30, 1996, Plaintiff filed an application for social security income ("SSI") benefits. Administrative Record ("AR") at 388-400.  SSA denied Plaintiff's application after finding he was "not disabled or blind under [SSA] rules." *Id.* at 75-78.  After exhausting his administrative appeals, *see id.* at 3-4, 16-24, Plaintiff sought judicial review of SSA's final decision denying benefits.  On February 11, 2002, Judge James remanded the case in accordance with the stipulated request of the parties.  *Whitaker v. Colvin*, Case No. 01-cv-00030-MEJ, Dkt. No. 22 (N.D. Cal.). Following the completion of further proceedings, the administrative law judge ("ALJ") found that Plaintiff was disabled from his alleged onset date of October 30, 1995 through the date of the ALJ's decision, October 14, 2004.  AR at 329-33.

In line with the ALJ's decision, SSA began paying Plaintiff monthly benefits in January 2005.  *Id.* at 440.  Additionally, SSA calculated retroactive SSI benefits in the amount of $55,040.09 for the period from July 1996 to December 2004.  *Id.*  $20,004 of the retroactive

1    benefits were withheld and reimbursed to Alameda County for interim assistance payments made

2    to Plaintiff between August 1996 and December 2004.  *Id.*

3          Plaintiff contested the reimbursement of interim assistance payments both administratively

4    with Alameda County and judicially by filing a petition for writ of mandate in Alameda County

5    Superior Court.  *See Whitaker v. Cal. Dep't of Soc. Servs.*, No. 08-414038, 2010 WL 4403317, at

6    *2 (Cal. Ct. App. Nov. 8, 2010).  In his petition for writ of mandate, Plaintiff argued that "both the

7    State and the County violated numerous constitutional, statutory, and equitable mandates by

8    deducting the entire amount [Plaintiff] received in [interim assistance] benefits from [Plaintiff's]

9    retroactive SSI benefits without crediting him for the value of the work he performed."  *Id.*  The

10   California Court of Appeal affirmed the trial court's decision sustaining the State and County's

11   demurrer and rejected all of Plaintiff's arguments, holding that "the County's actions in recovering

12   the full amount of [Plaintiff's] interim assistance was expressly authorized under federal law."  *Id.*

13   at *4.

14         Plaintiff separately contested SSA's calculation of the retroactive SSI benefits award,

15   arguing that SSA improperly reduced the SSI benefits payment under the "presumed value rule,"

16   which allows for the reduction of SSI payments where, *inter alia*, a claimant fails to prove that he

17   paid his pro rata share of household expenses while living in the household of another.  *See* AR at

18   315-18.

19         On March 3, 2015, Plaintiff filed the present action.  Dkt. No. 1.  In his complaint, Plaintiff

20   indicates that the case concerns his claim for "SSI Back Pay."  *Id.*  The allegations in the

21   complaint relate to Plaintiff's contention that SSA improperly reduced his SSI benefits payment

22   amount based on the presumed value rule.  *Id.*

23   **II.    DISCUSSION**

24         In his motion for summary judgment, Plaintiff argues that (1) he is entitled to the $20,004

25   of retroactive benefits that SSA reimbursed to Alameda County; and (2) he is entitled to interest

26   on the full amount of retroactive SSI benefits calculated by SSA.  *See* Dkt. No. 13.  Plaintiff does

27

28

United States District Court
Northern District of California

not contest SSA's reduction of his SSI benefits payment under the presumed value rule.[1]  In its

cross-motion for summary judgment, Defendant argues, among other things, that this Court lacks

subject matter jurisdiction over Plaintiff's claims.

### A.    Legal Standard

A federal court must dismiss an action when it lacks subject matter jurisdiction.  Fed. R.

Civ. P. 12(b)(1).  "Subject matter jurisdiction can never be forfeited or waived and federal courts

have a continuing independent obligation to determine whether subject matter jurisdiction exists."

*Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal

quotation marks omitted).  The objection that a federal court lacks subject-matter jurisdiction may

be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial

and the entry of judgment.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  The party

invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Federal courts do not have subject matter jurisdiction over cases where the federal

government is a defendant and Congress has not explicitly waived sovereign immunity. *United*

*States v. Mitchell,* 445 U.S. 535, 538 (1980); *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir. 1997).

As a sovereign, the United States is immune from suit and can be sued only to the extent it has

waived its sovereign immunity.  *Mitchell,* 445 U.S. at 538.  Any waiver of sovereign immunity

must be "unequivocally expressed."  *Id.* (internal quotation marks omitted).

### B.    Statutory Framework

The Social Security Act sets forth the procedures for payment of SSI benefits, as well as an

administrative scheme for resolving disputes between claimants and SSA.  42 U.S.C. § 1383.

Judicial review of SSA's final SSI decisions is provided for in § 1383(c)(3), which states that such

decisions "shall be subject to judicial review as provided in [42 U.S.C. § 405(g)] to the same

extent as the Commisioner's final determinations under [42 U.S.C. § 405]."  Section 405(g)

---

[1] Because Plaintiff failed to assert any arguments related to SSA's application of the presumed
value rule in his motion for summary judgment or in his opposition to Defendant's cross-motion
for summary judgment, the Court deems any such arguments waived.  *See Nev. Dep't of Corr. v.
Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011).

United States District Court
Northern District of California

provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  Section 405(h) makes clear that § 405(g) provides the exclusive mechanism for reviewing social security claims in federal court.  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

### C.   Reimbursement of Interim Assistance Payments

Plaintiff argues that SSA improperly reimbursed $20,004 of interim assistance payments to Alameda County from his retroactive SSI benefits award.  The Court lacks subject matter jurisdiction to review SSA's reimbursement of interim assistance payments.

42 U.S.C. § 1383(g) governs reimbursement to states for interim assistance payments and provides that "[t]he provisions of subsection (c) of this section [pertaining to judicial review] shall not be applicable to any disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection nor the amount retained by the State (or political subdivision)."  42 U.S.C. § 1383(g)(5).  This language is clear and unambiguous, and "plainly manifests Congress's express intention that decisions of the [Commissioner] regarding reimbursements of interim assistance not be subject to judicial review." *Trotta v. Sec. of Health & Human Servs.*, 765 F. Supp. 29, 32 (D. Mass. 1991); *see also Barker v. Comm'r of Soc. Sec.*, No. 13-cv-01231-HZ, 2015 WL 630878, at *4 (D. Or. Feb. 12, 2015) (dismissing plaintiff's claim challenging SSA's reimbursement of interim assistance payments to a state for lack of subject matter jurisdiction); *Page v. Comm'r of Soc. Sec.*, No. 07-14873-MH, 2009 WL 837705, at *11 (E.D. Mich. Feb. 19, 2009) (same).

Under these circumstances, Plaintiff's "proper recourse would be to seek recovery from the state." *Trotta*, 765 F. Supp. at 33.  Plaintiff has already unsuccessfully attempted to seek recovery

United States District Court
Northern District of California

4

1  from the State of California, both administratively and judicially.  *See Whitaker*, 2010 WL

2  4403317, at *2.  Plaintiff was given a full opportunity to litigate this issue in state court.  *See id.*, at

3  *4 ("Not only is there no law prohibiting the County [of Alameda] from taking such action, but

4  the County's actions in recovering the full amount of [Plaintiff's] interim assistance was expressly

5  authorized under federal law.").  That Plaintiff did not prevail on his claim in the state forum does

6  not mean he may relitigate the issue in federal court, given Congress' express intention that federal

7  judicial review not extend to such claims.

8         Moreover, the Court agrees with other courts who have determined that this procedural

9  framework does not violate claimants' due process rights.  *See, e.g.*, *Williams v. King*, 796 F.

10  Supp. 737, 742 (E.D.N.Y. 1992).

11         Accordingly, Plaintiff cannot challenge SSA's reimbursement of interim assistance

12  payments to Alameda County in this Court.

13         **D.      Interest**

14         Plaintiff contends that he is entitled to interest on the full amount of retroactive SSI

15  benefits calculated by SSA.  However, a plaintiff may not recover interest in a suit against the

16  government unless Congress expressly waives sovereign immunity from an award of interest.

17  *VGS Corp. v. U.S. Dep't of Energy*, 808 F.2d 842, 845 (Temp. Emer. Ct. App. 1986) ("[I]n the

18  absence of a *specific* provision in a contract or statute, or express *consent* by Congress, interest

19  does not run on a claim against the United States.") (emphasis in original).  As described above,

20  42 U.S.C. § 405(g) is a limited waiver of sovereign immunity with respect to certain claims under

21  the Social Security Act.  Because that provision does not expressly waive such immunity for

22  awards of interest on past due benefits, the Court does not have subject matter jurisdiction over

23  Plaintiff's claim for interest on his retroactive SSI benefits award.  *See Abulkhair v. Comm'r of*

24  *Soc. Sec.*, 450 F. App'x 117, 119 (3d Cir. 2011) (holding that plaintiff could not seek interest on

25  past-due SSI benefits in absence of express waiver of sovereign immunity).

26

27

28

United States District Court
Northern District of California

5

III.     **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.  The Clerk is directed to close the case and enter judgment in favor of Defendant.  Each party shall bear its own attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated:  1/13/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6